[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10527

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                           Plaintiff-Appellee,

*versus*

TAMAR LEE,

                                           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00017-ELR-CMS-2

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Tamar Lee, proceeding with counsel, appeals her conviction for conspiracy to defraud the United States under 18 U.S.C. § 371, on the grounds that the district court failed to conduct a meaningful *Faretta*[1] hearing before allowing her to proceed *pro se* at trial, and therefore failed to ensure that she knowingly and voluntarily waived her Sixth Amendment right to counsel.

Whether a defendant's waiver of her Sixth Amendment right to counsel was knowing and voluntary is a mixed question of law and fact that we review *de novo*. *United States v. Hakim*, 30 F.4th 1310, 1318 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 776 (2023). On appeal, it is the government's burden to show the validity of the waiver. *United States v. Cash*, 47 F.3d 1083, 1088 (11th Cir. 1995) (citing *Faretta*, 422 U.S. at 833-36). Therefore, we "must indulge in every reasonable presumption against waiver." *Hakim*, 30 F.4th at 1326 (quotation marks omitted). If the government cannot meet its burden, the defendant need not show prejudice to obtain a reversal. *Id*. at 1327 (emphasis omitted, alteration adopted).

Under the Sixth Amendment, all criminal defendants are entitled to the assistance of counsel. U.S. Const. amend. VI. The right to self-representation is closely tied to the right to representation by counsel. *United States v. Garey*, 540 F.3d 1253, 1262-63 (11th

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

Cir. 2008). Accordingly, those who have a right to counsel also have the right to waive counsel. *United States v. Stanley*, 739 F.3d 633, 649 (11th Cir. 2014). The assertion of one, however, requires the waiver of the other, so it is critical that trial courts create a record that ensures that the defendant's decision to proceed *pro se* was made knowingly, intelligently, and voluntarily. *United States v. Fant*, 890 F.2d 408, 410 (11th Cir. 1989). "The importance of this approach is underscored by the fact that a violation of either right is not subject to harmless error analysis." *Id.* (citations omitted). Accordingly, this Court will not inquire as to whether a different outcome would have resulted had a defendant been represented by counsel at trial. *Cash*, 47 F.3d at 1090 n.5.

To waive the right to counsel, the defendant "must clearly and unequivocally assert the right of self-representation," and this waiver must be "knowing, intelligent, and voluntary." *United States v. Owen*, 963 F.3d 1040, 1048 (11th Cir. 2020) (quotation marks omitted). This Court's task, accordingly, is to review the "district court's conclusion that a defendant's waiver is valid—that it is knowing, voluntary, and intelligent." *United States v. Kimball*, 291 F.3d 726, 730 (11th Cir. 2001). Additionally, the defendant's waiver must be knowing and voluntary at the time *pro se* representation is first granted. *Stanley*, 739 F.3d at 646. The fact that the defendant later becomes aware of the consequences of her decision to proceed *pro se* may not cure a waiver that was initially made unknowingly. *Id.*

Although a defendant does not need to have the skill and experience of a lawyer to competently and intelligently choose self-representation, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835 (quotation marks omitted). When a defendant asks to represent herself, the district court should ideally hold a *Faretta* hearing to ensure that the defendant understands the consequences of waiving her right to counsel. *Kimball*, 291 F.3d at 730. At this hearing, the court should inform the defendant of the charges against her, the possible punishments, basic trial procedure, and the hazards of self-representation. *Id*. This Court has held that a court merely warning a defendant of the dangers of proceeding *pro se* and recommending against doing so is not enough. *Fant*, 890 F.2d at 409. The test does not turn on the trial court's advice, but the defendant's understanding. *Id*. The absence of a *Faretta* hearing "will not give rise to a violation of the Sixth Amendment right to counsel in the rare cases where the record may support a waiver." *Cash*, 47 F.3d at 1088 (quotation marks omitted, alteration adopted); *see also Owen*, 963 F.3d at 1049 ("As long as the record establishes that the defendant understood the risks of self-representation and freely chose to face them, the waiver may be valid.") (quotation marks omitted).

Eight factors are considered in determining whether the defendant's waiver was knowing and voluntary:

> (1) the defendant's age, educational background, and physical and mental health; (2) the extent of

22-10527               Opinion of the Court                    5

>  defendant's contact with lawyers prior to trial; (3) the defendant's knowledge of the nature of the charges, possible defenses, and penalties; (4) the defendant's understanding of rules of procedure, evidence, and courtroom decorum; (5) the defendant's experience in criminal trials; (6) whether standby counsel was appointed and the extent to which that counsel aided the defendant; (7) any mistreatment or coercion of defendant; and (8) whether the defendant was trying to manipulate the events of the trial.

*Cash*, 47 F.3d at 1088-89 (citing *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065-67 (11th Cir. 1986)).

Here, the trial court never made any conclusion that Lee's waiver of her Sixth Amendment right to counsel was knowing and voluntary and thus failed to ensure that her waiver of such was valid. *See Kimball*, 291 F.3d at 730. The court did not inquire as to any of the *Fitzpatrick* factors at the June 2020 *ex parte* hearing at which she was granted *pro se* representation. Our precedent requires that there must have been a valid waiver at the time *pro se* representation was granted. *See Stanley*, 739 F.3d at 646 ("A defendant's waiver must be knowing and voluntary at the time pro se representation is first permitted: the fact that a defendant later became aware of the consequences of his decision may not cure a waiver that was initially unknowing."). At most, at that hearing, the court warned her of the dangers of proceeding *pro se* and advised her against it, which is not enough to ensure a valid waiver. *See Fant*, 890 F.2d at 409. With respect to the *Fitzpatrick* factors, the record clearly indicates that Lee did not have an adequate understanding

6                    Opinion of the Court                    22-10527

of the charges against her, possible penalties, or the applicable rules of procedure or evidence.

Thus, Lee represented herself for 16 months until the pretrial conference in October 2021, when additional discussion was had concerning Lee's self-representation. Although this 16-month unknowing self-representation is probably a *Faretta* violation by itself, the district court's interactions with Lee in October 2021 do not establish that Lee's waiver was knowing and voluntary. While Lee had standby counsel at trial, her attorney did very little at trial, at the instruction of Lee. The record also reveals no evidence that Lee was trying to manipulate the events of trial, only that she was woefully underprepared for it. *See Cash*, 47 F.3d at 1088-89 (citing *Fitzpatrick*, 800 F.2d at 1065-67). We therefore vacate and remand to the district court for further proceedings not inconsistent with this opinion. We decline to address the other issues that Lee raises on appeal.

**VACATED AND REMANDED.**